UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF WIRELESS TELEPHONE ASSIGNED TELEPHONE NUMBER (615) ***-**** BELIEVED TO BE USED BY WILLIAM ANDREW OGLES | Case No. 24-mj-4276<br><br>Magistrate Judge Alistair E. Newbern |

## ORDER

This Court issued warrants authorizing the search of Congressman William Andrew Ogles's email account and cell phone on July 12, 2024, and July 30, 2024. On September 3, 2024, Ogles filed an "emergency motion for return of property" asking the Court to "order the Executive Branch to return privileged legislative materials contained on his cell phone and email account seized" in the execution of each warrant. The United States has responded in opposition to Ogles's motion, and Ogles has filed a reply.

Ogles asks the Court to set an evidentiary hearing on his motions, citing Federal Rule of Criminal Procedure 41(g)'s directive that "[t]he court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Cr. P. 41(g). Ogles states that his counsel "will work with opposing counsel to stipulate to as many facts as possible to limit or eliminate contested factual issues." Accordingly, counsel are ORDERED to meet and confer by October 2, 2024, to determine what, if any, facts relevant to Ogles's motion are in dispute; what relevant facts may be stipulated; and whether a hearing is required for the Court to receive evidence on any factual issues necessary to the determination of Ogles's motions or if the Court can receive the necessary evidence through affidavits, declarations, or other stipulated filings. The parties shall file a joint notice addressing

their positions on these issues by October 7, 2024. If counsel agree that an evidentiary hearing is required, they shall provide mutually available dates for the hearing to be held.

In its response to Ogles's motion, the United States cites Rule 41(g)'s requirement that a motion to return property "must be filed in the district where the property was seized" and argues that this Court is not the appropriate forum for any motion addressing the search of Ogles's email account because the subject warrant authorized the search of property located in the Northern District of California. Ogles does not respond to this argument in his reply brief. Ogles shall file a separate statement, limited to five pages, addressing whether this Court may hear a motion under Rule 41(g) addressing the search of Ogles's email account by October 7, 2024.

The United States confirms in its response that it has not reviewed the produced contents of Ogles's email account or cell phone. The United States shall not do so until the Court resolves Ogles's motions.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge