IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In the Matter of the Search of A Wireless Telephone Assigned Telephone Number (615) ***-****, Believed to Be Used by William Andrew Ogles,<br><br>U.S. Representative William Andrew Ogles, in both his official capacity as a Member of the U.S. House of Representatives, and his individual capacity,<br><br>    Movant. | Case No. 24-mj-4276<br><br>Magistrate Judge Alistair Newbern |

## JOINT STATEMENT OF FACTS

The Parties, Congressman Andy Ogles and the United States of America, through undersigned counsel (the "Department"), hereby jointly provide the below statement of facts solely for purposes of Congressman Ogles' Emergency Motion for Return of Property (Dkt. 2).

The facts are grouped into three categories: (A) uncontested facts that the Parties agree are necessary to decide the Motion, *see* Case No. 3:24-mj-4276, Dkt. 16 (this Court observing "that '[t]he court must receive evidence on any factual issue necessary to decide the motion'" (quoting Fed R. Crim. P. 41(g)); (B) uncontested facts that Congressman Ogles asserts are relevant and/or necessary to decide the Motion, but which the Department asserts are unnecessary to resolve the legal question before the Court; and (C) facts proffered by Congressman Ogles that he believes are relevant and/or necessary to decide the Motion, but that the Department lacks

1

sufficient evidence to independently confirm and, in any event, maintains are unnecessary to resolve the legal question before the Court.

**A.  The Parties stipulate and agree to the following facts and jointly assert that they are necessary to decide the Motion:**

1. Andy Ogles represents Tennessee's Fifth Congressional District in the House of Representatives.

2. Congressman Ogles has used the cell phone at issue since at least January 1, 2022.

3. Congressman Ogles has used the email account at issue since at least January 1, 2022.

4. An official congressional body did not own the cell phone or email account at issue and did not provide them to Congressman Ogles.

5. On January 3, 2023, Congressman Ogles was sworn in as a Member of the House of Representatives of the 118th Congress.

6. On July 12, 2024, the FBI obtained a search warrant to be served on Google LLC for information associated with an email account used by Congressman Ogles ("Email Warrant").  Soon thereafter, the FBI served the warrant on Google, which provided information subject to the warrant to the FBI.

7. On July 30, 2024, the FBI obtained a search warrant for a cell phone used by Congressman Ogles ("Phone Warrant").

8. The Email Warrant and the Phone Warrant each contained an Attachment B, which described the information that law enforcement is authorized to seize in connection with the ongoing criminal investigation for the period from

January 1, 2022 to the date of the warrant. The information relevant to the ongoing investigation is described in Section II of Attachment B.

9. On August 2, 2024, the FBI executed the Phone Warrant outside Congressman Ogles' residence in Maury County, Tennessee and took possession of the cell phone described in the warrant.

10. The FBI did not seize any of Congressman Ogles' other devices, including any of the devices that were issued to him by Congress.

11. The Department has agreed that it will not review the contents of the cell phone and Google account seized pursuant to the warrants until a magistrate or district judge of the Middle District of Tennessee rules on Congressman Ogles' motions for return of property that are presently before the Court.

**B. The Parties stipulate and agree to the following facts, which Congressman Ogles believes are relevant and/or necessary to decide the Motion. While the Department does not dispute these facts, it maintains that these facts are not necessary to decide the Motion and are either irrelevant or minimally relevant to resolving the legal question before the Court:**

12. Congressman Ogles is a member of the Republican Party.

13. Since Congressman Ogles first ran for Congress in 2022, his principal federal campaign committee has been Ogles for Congress, with a listed address in Columbia, Tennessee, located in the Middle District of Tennessee.

14. Congressman Ogles maintains a residence within the Middle District of Tennessee.

15. On November 8, 2022, Congressman Ogles won the general election for Tennessee's Fifth Congressional District.

16. On January 3, 2023, the Republican Party held a 222 to 213 seat majority in the House of Representatives.

17. Since assuming office on January 3, 2023, Congressman Ogles has submitted over one hundred legislative proposals.

18. Thirty-seven of Congressman Ogles' pieces of legislation have been passed by the House of Representatives.

19. Three of Congressman Ogles' pieces of legislation have been signed into law by President Biden.

20. Congressman Ogles has co-authored legislation with Republican Senators Ted Cruz of Texas, Mike Lee of Utah, Rand Paul of Kentucky, and Steve Daines of Montana.

21. The Department of Justice is part of the Executive Branch of the federal government and is led by Attorney General Merrick Garland.

22. Attorney General Garland was appointed by President Joe Biden, who is a Democrat.

23. The FBI is a law enforcement agency within the Executive Branch.

24. FBI officials report to Attorney General Garland.

25. At the time the search warrants were requested, the U.S. Attorney for the Middle District of Tennessee was Henry Leventis.

26. U.S. Attorney Leventis served under Attorney General Garland and was appointed by President Biden.

27. On April 30, 2024, the FBI sent a preservation request to Google LLC pursuant to the Stored Communications Act, specifically 18 U.S.C. 2703(f).

28. The Email Warrant was issued under the Stored Communications Act, 18 U.S.C. 2701 *et seq*.

29. The Email Warrant was directed to Google LLC and demanded information "that is stored at premises owned, maintained, controlled, or operated by Google LLC, a company headquartered [in Mountain View, California]."

30. Google LLC collected the information demanded by the Email Warrant and sent it to FBI agents located in Tennessee.

31. On August 1, 2024, Congressman Ogles defeated his opponent in the Republican primary election for the Fifth Congressional District.

32. On August 6, 2024, Congressman Ogles' counsel informed the Department that the phone seized by the FBI contained information about legislative acts protected by the Speech or Debate Clause of the United States Constitution.

33. The Rules of the House of Representatives specifically contemplate Members' use of non-official equipment. The Committee on House Administration publishes a Member's Congressional Handbook[1] that provides guidance on various administrative topics and specifically authorizes the use of non-official equipment and accounts. It states, for example, that:

> All official work of the House of Representatives must be performed and maintained on House equipment, except for in certain circumstances handheld devices. Members may use campaign funds to pay for

---

[1] Available at https://cha.house.gov/members-congressional-handbook

handheld devices (phones and tablets only) and/or use their personal handheld devices for official use.

Id. at 23.

34. The House Ethics Committee provides similar guidance and authorizes the use of campaign funds to pay for mobile devices that are used for both official business and campaign-related matters:

> Expenses of a Cell Phone or BlackBerry That Is Used for Official House Business. It is permissible for a Member to acquire a "handheld communications device" (e.g., a cell phone, a BlackBerry, or a combination cell phone/BlackBerry device, and associated communications services) with campaign funds, and to use the device on an unlimited basis on both campaign matters and official House matters.

"Proper Use of Campaign Funds and Resources," House Committee on Ethics.[2]

35. On August 6, 2024, Congressman Ogles' counsel requested that the Department allow Congressman Ogles the opportunity to review the data from the seized phone with his counsel and remove legislative materials before the Department accessed them.

36. On August 12, 2024, the Department notified Congressman Ogles' counsel that the FBI had also collected, but had not yet accessed, information from a Google email account used by Congressman Ogles.

37. On August 12, 2024, upon becoming aware that the cell phone and email account information had been seized, Congressman Ogles' counsel informed the Department that the email data that the Department collected from Google LLC

---

[2] Available at https://ethics.house.gov/campaign/proper-use-campaign-funds-and-resources#campaign_cell.

contained information about legislative acts protected by the Speech or Debate Clause of the United States Constitution.

38. On August 12, 2024, Congressman Ogles' counsel requested that the Department allow Congressman Ogles the opportunity to review the data from the seized email account with his counsel and remove legislative materials before investigators accessed them.

39. The Department has advised Congressman Ogles' counsel that the Department's longstanding position is that the Speech or Debate Clause is a use privilege, and does not bar disclosure, and therefore the Department maintains that it can conduct the Attachment B review without using a Speech or Debate "taint team" or *in camera* review by the Court.

40. Neither the Phone Warrant nor the Email Warrant require the use of a "taint team" or Court *in camera* review to identify and protect information protected by the Speech or Debate Clause.

41. Congressman Ogles asserts that the Phone and Email Account contain material protected by the Speech or Debate Clause from November 9, 2022, the date Mr. Ogles was elected, through the dates the search warrants were executed.

**C. The following are facts proffered by Ogles that he asserts are relevant and/or necessary to decide the Motion. The Department lacks sufficient evidence to independently confirm these facts. The Department's position is that these facts are not necessary to decide the Motion and are either irrelevant or minimally relevant to resolving the legal question before the Court.**

42. Congressman Ogles used the seized cell phone and email account to communicate about legislative issues during the time period between the date of his

election on November 8, 2022 and the date on which he assumed office on January 3, 2023.

43. Congressman Ogles continued to use the seized cell phone and email account to communicate about legislative issues after he assumed office on January 3, 2023.

44. The seized cell phone and email account contain Congressman Ogles' communications with fellow legislators and congressional staff about the election of Representative Kevin McCarthy as Speaker of the House and the 15 rounds of balloting that happened between January 3 and January 7, 2023.

45. The seized cell phone and email account contain Congressman Ogles' communications with fellow legislators and congressional staff about the election of Republican Representative Mike Johnson as the 56th Speaker of the House on October 25, 2023.

46. The cell phone and email account contain Congressman Ogles' communications with fellow legislators and staff about the drafting, introduction, amending, and passage of each of his legislative proposals.

47. For example, the seized cell phone and email account contain communications about legislation that Congressman Ogles introduced on May 13, 2024 in response to the pro-Palestinian protests on university campuses following the attack on Israel by Hamas on October 7, 2023.

48. The seized cell phone and email account contain Congressman Ogles' communications with these Senators and their staff about the legislation he has co-authored with them during his time in Congress.

49. The seized cell phone and email account contain Congressman Ogles' communications with constituents, members of the executive branch, and others who are not Members of Congress about investigative and legislative issues.

Dated: October 7, 2024