IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In the Matter of the Search of Information Associated with w\*\*\*\*\*\*\*\*\*\*\*1@gmail.com That is Stored at Premises Controlled by Google, Inc., <br><br> In the Matter of the Search of A Wireless Telephone Assigned Telephone Number (615) \*\*\*-\*\*\*\*, Believed to Be Used by William Andrew Ogles, <br><br> U.S. Representative William Andrew Ogles, in both his official capacity as a Member of the U.S. House of Representatives, and his individual capacity, <br><br>          Movant. | Case No. 24-mj-4250, 24-mj-4276 <br><br> Magistrate Judge Alistair Newbern <br><br><br> **EVIDENTIARY HEARING REQUESTED** |

## STATEMENT SUPPORTING JURISDICTION

Congressman William Andrew Ogles files this statement supporting this Court's jurisdiction to hear his Rule 41(g) motion as to his email account.

## BACKGROUND

This Court issued warrants authorizing the search of Congressman Ogles' email account and cell phone on July 12, 2024, and July 12, 2024. On September 3, 2024, Ogles filed a motion under Federal Rule of Criminal Procedure 41(g) asking the Court to "order the Executive Branch to return privileged legislative materials contained on his cell phone and email account seized" in the execution of each warrant. (Doc. 2 at 1.)

1

In its response to the motion, the Executive Branch stated that "it is not clear whether Rule 41(g) provides jurisdiction for Ogles' motion as it pertains to the [email account]" because the Rule requires the motion to be filed in the district where the property was seized. (Doc. 10 at 7.) The Executive Branch did not take a clear position one way or another. And it instead noted that, in any case, "the Court's ruling as to the [cell phone] will inform the government's handling of the [email account]." (*Id.* at n.2.) On September 25, 2024, the Court ordered Ogles to file a separate statement addressing whether this Court may hear his Rule 41(g) motion addressing the search of his email account. (Doc. 16 at 2.)

For the reasons that follow, the Court should exercise jurisdiction to hear Ogles' motion as it relates to the search of his email account.

## ARGUMENT

As an initial matter, the Executive Branch does not contest this Court's jurisdiction to hear the motion. In addition to the fact that its response to the Rule 41(g) motion does not contest jurisdiction, the prosecutors have confirmed to undersigned counsel that they can represent the following to the Court:

> The Government agrees that the United States District Court for the Middle District of Tennessee is the correct venue to determine the extent to which the Constitution's Speech or Debate Clause applies to the information obtained from both Rep. Ogles's phone and Gmail account.

Accordingly, the parties agree that this Court can hear the motion.

This agreement is consistent with the law and the Executive Branch position in prior cases. Under the Rule's plain language, the motion should be brought in the

district "where the property was seized." FED. R. CR. P. 41(g). In this context, and in other similar contexts, courts have held that a seizure occurs where the adverse party takes physical possession. Indeed, "[a] 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984); *see also California v. Hodari D.*, 499 U.S. 621, 624 (1991) ("From the time of the founding to the present, the word 'seizure' has meant a 'taking possession.'"); Mark Taticchi, *Redefining Possessory Interests: Perfect Copies of Information as Fourth Amendment Seizures*, 78 GEO. WASH. L. REV. 476, 477 (2010) ("Courts generally interpret possessory interest to mean physical possession, even when the property allegedly seized is intangible, like information."). Because the prosecutors here presumably took possession in the Middle District of Tennessee, that is where the seizure occurred.

This same principle is what allows courts to compel Google, for example, to comply with search warrants seeking electronically stored information no matter the location of the servers containing the data. *See, e.g., In re Search Warrant No. 16-960-M-01 to Google*, 232 F. Supp. 3d 708, 709 (E.D. Pa. 2017), *aff'd sub nom. In re Search Warrant No. 16-960-M-1 to Google*, 275 F. Supp. 3d 605 (E.D. Pa. 2017) (holding that warrants did not violate presumption against extraterritorial application because the data would be produced in the United States). Indeed, in similar cases, and in cases involving grand jury subpoenas, courts routinely hold that the production—i.e., seizure—of information occurs where it is delivered. *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412 (3d Cir. 2004) (Alito, J.) ("'Production' refers to

3

the delivery of documents, not their retrieval, and therefore 'the district in which the production . . . is to be made' is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over."); *Gerline Int'l Ins. Co. v. CIR*, 839 F.2d 131, 140 (3d Cir. 1988) (explaining that, under the rule governing the production of documents and other evidence in tax court, "[t]he location of the documents, whether within the territorial jurisdiction of the court or not, is irrelevant"); *see, e.g., United States v. Google, Inc.*, Case No. 17-mc-7, at *6 (W.D. Tenn. Nov. 3, 2017) (sealed) (determining relevant conduct within Section 2703's focus occurs in the United States).

Here, it is undersigned counsel's understanding that the Executive Branch took possession of Congressman Ogles' emails where the prosecutors are located and the warrant was issued—the Middle District of Tennessee. Because that is where the seizure occurred, this Court can hear Congressman Ogles' Rule 41(g) motion addressing his email account. A contrary jurisdictional ruling—declaring that constitutional issues with the search warrant for the email can only be addressed at this stage in California—would raise the specter of inconsistent rulings by two courts over nearly identical search warrants executed by the same prosecutors for the same purpose. Rule 41 was not written to undermine judicial efficiency in this manner.

## CONCLUSION

As both parties agree, the Court has the authority to hear the motion.

Date: October 7, 2024

4

Respectfully submitted,

LITSON PLLC

*/s/ Alex Little*
J. Alex Little (No. 29858)
Zachary C. Lawson (No. 36092)
John R. Glover (No. 37772)
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co | zack@litson.co | jr@litson.co

RAYBIN & WEISSMAN, P.C.

*/s/ David Raybin*
David Louis Raybin (No. 3385)
424 Church Street, Suite 2120
Nashville, Tennessee 37219
Telephone: (615) 256-6666 Ext. 220
draybin@NashvilleTnLaw.com

E&W LAW, LLC

*/s/ John S. Irving*
John S. Irving*
1455 Pennsylvania Avenue, N.W., Suite 400
Washington, D.C. 20004
Telephone: (301) 807-5670
john.irving@earthandwatergroup.com

SECIL LAW PLLC

*/s/ John P. Rowley III*
John P. Rowley III*
1701 Pennsylvania Ave., N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 642-0679
jrowley@secillaw.com

*Counsel for Congressman Andy Ogles*

*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 7th day of October 2024, a true and correct copy of the foregoing has been served via CM/ECF to all counsel of record.

*/s/ Alex Little*