**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| In the Matter of the Search of Information Associated with w************1@gmail.com That is Stored at Premises Controlled by Google, Inc.,<br><br>In the Matter of the Search of A Wireless Telephone Assigned Telephone Number (615) ***-****, Believed to Be Used by William Andrew Ogles,<br><br>U.S. Representative William Andrew Ogles, in both his official capacity as a Member of the U.S. House of Representatives, and his individual capacity,<br><br>Movant,<br><br>Scripps Media, Inc.,<br><br>Intervenor. | Case Nos. 3:24-mj-04250 and 3:24-mj-04276<br><br>Magistrate Judge Luke A. Evans<br><br>**[FILED IN BOTH CASES]** |

**CONGRESSMAN OGLES'S MOTION TO STAY DISCLOSURE OF THE WARRANT MATERIALS PENDING REVIEW OF THE SEPTEMBER 4, 2026 MEMORANDUM ORDER, AND INCORPORATED MEMORANDUM OF LAW**

Congressman William Andrew Ogles moves for an order staying the September 4, 2026, Memorandum Order (the "Order"), Dkt. 34, while he seeks review by the district court.[1] The Order grants in part the request of Intervenor Scripps Media, Inc. ("Scripps") to unseal the Warrant Materials, but it provides that they "will remain sealed as is, pending submission of proposed

[1] Unless otherwise indicated, docket citations refer to Case No. 3:24-mj-04250. This motion is filed in both captioned matters. The "Warrant Materials" are the warrants, applications, affidavits, and associated filings docketed at Dkt. 1 in each matter.

redactions and further orders of the Court." Order at 11. Congressman Ogles has objected to the Order under 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59. The only question this motion presents is whether the Warrant Materials may be released before a district judge decides whether they should be. They may not. Disclosure is the one form of relief that cannot be undone, and an objection decided after the materials are public is an objection decided too late.

Congressman Ogles therefore asks the Court to exercise its inherent authority to stay disclosure while this Motion is pending and through the district judge's resolution of the Objections. If the district judge authorizes disclosure, Congressman Ogles requests that the stay continue for fourteen days after entry of the order permitting release so that he may seek review and a stay from the Sixth Circuit. During the stay, the government may submit its proposed redactions under seal on the schedule the Order sets, and the Court may complete its redaction review.

## BACKGROUND

The Warrant Materials concern Congressman Ogles's personal email account and cell phone, seized in July and August 2024 in an investigation of suspected campaign finance irregularities. Dkt. 28 at 1, 3–4. Congressman Ogles moved for return of the property under Rule 41(g); the government opposed; and the motion remained pending until May 5, 2026, when Congressman Ogles withdrew it after the government agreed to return or destroy everything it had seized. Dkt. 28 at 3–6; Dkt. 32 at 4–5. The government closed its investigation without bringing charges. Dkt. 28 at 1; Order at 1.

Scripps then moved to unseal the Warrant Materials. Dkt. 27 at 1–2. Congressman Ogles opposed disclosure and, in the alternative, asked for an opportunity to review the materials and propose redactions. Dkt. 32 at 13–14. After reviewing the Warrant Materials *in camera*, the Magistrate Judge found that they "more or less track" the report and exhibits that the Office of

Congressional Conduct ("OCC") submitted to the House Ethics Committee, Order at 4–5, and that "the incremental gain in knowledge from unsealing will not be large," *id.* at 8. He nonetheless concluded that "[w]ith some redactions, unsealing will pose no danger to Ogles or to anyone else," denied Congressman Ogles any opportunity to propose redactions, and directed the government to submit proposed redactions *ex parte* and under seal by September 25, 2026. *Id.* at 9–11. The Warrant Materials remain sealed pending those submissions "and further orders of the Court." *Id.* at 11. Congressman Ogles filed his Objections on September 18, 2026, alongside this motion.

**LEGAL STANDARD**

The Court has "supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978). Courts also possess inherent authority to stay an order pending review. *Nken v. Holder*, 556 U.S. 418, 426–27 (2009); see 28 U.S.C. § 1651(a). Congressman Ogles asks the Court to exercise that authority to keep the Warrant Materials sealed until the district judge resolves his Objections.

In deciding whether to stay an order pending review, the Sixth Circuit weighs four factors: the movant's likelihood of success, whether the movant will be irreparably harmed absent a stay, whether a stay will substantially injure other interested parties, and the public interest. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *see Nken v. Holder*, 556 U.S. 418, 434 (2009). The factors "are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Griepentrog*, 945 F.2d at 153. The degree of likely success required varies with the harm: where the harm from denying a stay is severe and irreversible, the movant need only show "serious questions going to the merits." *Id.* at 153–54.

## ARGUMENT

Each factor favors a stay, and the second one decides the motion. The Objections raise, at a minimum, serious questions about whether the Order weighed the interests the common law requires it to weigh and whether the subject of a warrant may be heard before his accusers' affidavits are published. Disclosure before those questions are answered would inflict the very injury the Objections seek to prevent, and no later order could repair it. On the other side of the scale, a stay asks Scripps to wait a few more weeks for records the Order itself found would add little to what the public already knows.

### I. THE OBJECTIONS RAISE SERIOUS QUESTIONS GOING TO THE MERITS.

The Objections identify three errors, each set out in full there. (Objections Parts I–III.) The Court need not resolve them to grant a stay; it need only conclude that they are substantial. They are.

*First*, the Order did not weigh the reputational harm of publishing untested accusations against an uncharged man. The common law requires the Court to weigh what disclosure would add to public knowledge against the danger to the persons discussed in the records. *United States v. Beckham*, 789 F.2d 401, 409 (6th Cir. 1986). The Order found the gain "not . . . large," Order at 8, and then concluded that redactions would eliminate any danger, *id.* at 9—before deciding what to redact, *id.* at 10–11. It also treated the government's decision not to prosecute as a reason for disclosure, *id.* at 9–10, when the authority the Order itself cited treats a closed investigation as the circumstance in which the subject's privacy interest is "overwhelmingly strong." *In re Search Warrant*, No. M-3-94-80, 1996 WL 1609166, at *13 (S.D. Ohio Aug. 20, 1996). Courts protect warrant materials from disclosure that would "damage an unindicted target's reputation while leaving no judicial forum to rehabilitate that reputation." *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017). The Third Circuit upheld the sealing of a list of unindicted

alleged coconspirators—public officials among them—for the same reason. *United States v. Smith*, 776 F.2d 1104, 1113–15 (3d Cir. 1985). Congressman Ogles raised that concern below. Dkt. 32 at 8–11. The Order did not answer it. (Objections Part I.)

*Second*, the Order concluded that redactions will leave "no danger to . . . anyone else," Order at 9, without asking whether unnamed third parties could be identified from context. The Sixth Circuit protects the privacy of people who did not initiate the litigation and reasonably expected their information to stay private. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 477–78 (6th Cir. 1983). Removing a name does not protect a person whose conduct or role the narrative describes. *See In re Search Warrants for Nat'l Builders Corp.*, 833 F. Supp. 644, 645–46 (N.D. Ohio 1993). That risk does not end when an investigation does. (Objections Part II.)

*Third*, the Order excluded from the redaction process the one participant who can explain those harms. It did so because Congressman Ogles "did not cite to [sic] any authority demonstrating that the target of a search warrant may propose redactions," and because courts "usually solicit proposed redactions from the Government." Order at 10. The authority is the Court's supervisory power over its records, *Nixon*, 435 U.S. at 598–99, and a search subject may invoke the common law right of access to the affidavits supporting the warrants executed against him, *Sealed Search Warrants*, 868 F.3d at 390, 397–98. The government does not represent Congressman Ogles, and its *ex parte* proposals cannot substitute for his. Scripps itself proposed a procedure under which he would justify redactions and Scripps would respond. Dkt. 33 at 5. (Objections Part III.) Whether the district judge ultimately keeps the Warrant Materials sealed, the likelihood that he will at least require that procedure before any release is high—and a stay is what makes that relief possible.

## II. DISCLOSURE BEFORE REVIEW WOULD CAUSE HARM THAT NO LATER ORDER COULD REPAIR.

Once the Warrant Materials are public, no ruling in Congressman Ogles's favor can restore their confidentiality. Scripps seeks them to report on them. Dkt. 28 at 10–13. Release would publish federal agents' allegations against Congressman Ogles, and whatever identifying detail survives the government's redactions, before a district judge has decided whether either should be published at all. The Court could later order the documents resealed; it could not recall the copies already distributed, retract the reporting, or give Congressman Ogles a trial in which to answer accusations the government chose not to pursue. The Objections would be moot on the day they were decided.

That injury is not mere embarrassment. It is the placement of the government's account of suspected criminal conduct in the public record, under a court's imprimatur, without any adversarial proceeding to test it—an injury the Third Circuit has recognized is "likely to be irreparable." *Smith*, 776 F.2d at 1114. Congressman Ogles's opposition explained both the harm to him and the risk to third parties who have never been publicly associated with the investigation. Dkt. 32 at 8–14. Where the harm is of this kind, the balance of the stay factors tips decisively: the more irreversible the injury, the less the movant must show on the merits. *Griepentrog*, 945 F.2d at 153–54.

## III. A STAY COSTS SCRIPPS AND THE PUBLIC NOTHING THEY HAVE NOT ALREADY ACCEPTED.

Scripps and the public have an interest in examining the basis for a search of a Member of Congress. The Order recognizes that interest, Order at 5, and so does Congressman Ogles. But the Order also found that, apart from personal information, the Warrant Materials "more or less track" the OCC report and exhibits already in the public domain, *id.* at 4–5, and that everything else in these proceedings has been public since 2024, *id.* at 4. Scripps has reported on this matter from

that record for two years and can continue to do so while the district judge reviews the Order. The underlying events are four years old; the investigation is closed; and Scripps waited until August 2026 to move. Nothing on Scripps's side of the ledger is time-sensitive, and a delay of weeks in obtaining records the Court itself found would add little is not a substantial injury. *See id.* at 8–9.

The government has taken no position on unsealing. *Id.* at 9. A stay does not disturb its obligations under the Order: it may submit its proposed redactions under seal by September 25, and the Court may review them, while disclosure waits. The public interest, for its part, favors review that can prevent an erroneous disclosure over disclosure that forecloses review. A stay preserves both the district judge's authority under Rule 59 and the Sixth Circuit's under the collateral order doctrine; its absence would defeat both.

The requested stay is bounded. It runs through the district judge's resolution of the Objections and, if disclosure is authorized, for fourteen days after entry of the order permitting release, so that Congressman Ogles may seek a stay from the Sixth Circuit before publication makes the question academic. Any stay beyond that period would require further relief from this Court or the Court of Appeals. Congressman Ogles also asks that the Warrant Materials remain sealed while this motion itself is pending, so that the Court may decide the stay request before any release occurs.

## CONCLUSION

For all these reasons, the Court should stay public disclosure of the Warrant Materials in both captioned matters pending disposition of this motion and the district judge's resolution of Congressman Ogles's Objections and, if the district judge authorizes disclosure, continue the stay for fourteen days after entry of the order permitting release. The government may submit its proposed redactions under seal during the stay.

Date: September 18, 2026

Respectfully submitted,

LITSON PLLC

*/s/ John R. Glover*
J. Alex Little (No. 29858)
Zachary C. Lawson (No. 36092)
John R. Glover (No. 37772)
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co | zack@litson.co | jr@litson.co

RAYBIN & WEISSMAN, P.C.
David Louis Raybin (No. 3385)
424 Church Street, Suite 2120
Nashville, Tennessee 37219
Telephone: (615) 256-6666 Ext. 220
draybin@NashvilleTnLaw.com

SECIL LAW PLLC
John S. Irving IV (admitted *pro hac vice*)
John P. Rowley III (admitted *pro hac vice*)
1701 Pennsylvania Ave., N.W., Suite 200
Washington, D.C. 20006
jirving@SECILlaw.com |
jrowley@SECILlaw.com

*Counsel for Congressman Andy Ogles*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2026, a true and correct copy of the foregoing was filed electronically in Case Nos. 3:24-mj-04250 and 3:24-mj-04276 through the Court's CM/ECF system, which will send notice of filing to all counsel of record, including:

John P. Taddei
Trial Attorney, Public Integrity Section
United States Department of Justice
950 Pennsylvania Ave NW, Suite 1716
Washington, DC 20530
John.Taddei@usdoj.gov
*Counsel for the United States*

Paul R. McAdoo (BPR No. 034066)
Reporters Committee for Freedom of the Press
6688 Nolensville Rd., Suite 108-20
Brentwood, TN 37027
*Counsel for Scripps Media, Inc.*

*/s/ John R. Glover*
John R. Glover