**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In the Matter of the Search of Information Associated with w************1@gmail.com That is Stored at Premises Controlled by Google, Inc., | ) | |
| In the Matter of the Search of A Wireless Telephone Assigned Telephone Number (615) ***-****, Believed to Be Used by William Andrew Ogles, | ) | Case Nos. 3:24-mj-04250 and 3:24-mj-04276<br><br>Magistrate Judge Luke A. Evans<br><br>**[FILED IN BOTH CASES]** |
| U.S. Representative William Andrew Ogles, in both his official capacity as a Member of the U.S. House of Representatives, and his individual capacity, | ) | |
| Movant, | ) | |
| Scripps Media, Inc., | ) | |
| Intervenor. | ) | |

**<u>CONGRESSMAN OGLES'S OBJECTIONS TO THE MAGISTRATE JUDGE'S SEPTEMBER 4, 2026 MEMORANDUM ORDER</u>**

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59, and Local Rule 72.02, U.S. Representative William Andrew ("Andy") Ogles objects to the Magistrate Judge's September 4, 2026 Memorandum Order (the "Order"), Dkt. 34, which granted in part the motion of Intervenor Scripps Media, Inc. ("Scripps") to unseal the search warrants, applications, and supporting affidavits docketed at Dkt. 1 in each of the above-captioned matters (the "Warrant

Materials").[1] As Local Rule 72.02(a) requires, a separately filed Memorandum of Law accompanies these objections and sets out the grounds for each in full. The Order is attached as Exhibit A.

These objections are timely. The Order was entered and served on September 4, 2026, and these objections are filed within fourteen days. Fed. R. Crim. P. 59(a), (b)(2); LR 72.02(a). Because the Order resolves the only matter pending in these proceedings and every interest Congressman Ogles holds in them, it is dispositive, and the Court should treat it as a report and recommendation and review the objected-to portions de novo. Fed. R. Crim. P. 59(b)(3); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001). Each objection below is also made, in the alternative, under Rule 59(a) and Local Rule 72.02(a), on the ground that the portion of the Order identified is contrary to law or clearly erroneous.

## SPECIFIC OBJECTIONS

Congressman Ogles objects to the following portions of the Order, with particularity, as Local Rule 72.02(a) requires:

1. **The Order's characterization of the presumption of access as "strong" (Order at 8).** The Order applied the presumption that governs records filed in civil litigation. The Sixth Circuit has rejected any First Amendment right of access to search warrant proceedings and has said only that the common law right "may in some situations permit access" to them. *In re Search of Fair Fin.*, 692 F.3d 424, 429–33 (6th Cir. 2012). The Order applied the wrong presumption to *ex parte* warrant affidavits, and that error infected every conclusion that followed.

[1] Unless otherwise indicated, docket citations refer to Case No. 3:24-mj-04250. Because the Order was entered in both matters, these objections are filed in both.

2. **The Order's conclusion that "[w]ith some redactions, unsealing will pose no danger to Ogles or to anyone else," and its failure to weigh the reputational harm of publishing untested accusations against an uncharged person (Order at 8–10).** The common law requires the Court to weigh what disclosure would add to public knowledge against the harm to the persons the records discuss. *United States v. Beckham*, 789 F.2d 401, 409 (6th Cir. 1986). The Order found the gain "not . . . large," Order at 8, and assigned no weight to the loss. It did not address the harm recognized in *United States v. Smith*, 776 F.2d 1104, 1112–15 (3d Cir. 1985), *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017), and *Fair Finance*, 692 F.3d at 432, to a person accused in a warrant affidavit who will never have a forum in which to answer.

3. **The Order's treatment of the government's decision not to prosecute as a reason favoring disclosure (Order at 9–10).** The authority the Order itself relied on holds the opposite: when the government has closed its investigation and will seek no indictment, the subject's privacy interest becomes "overwhelmingly strong." *In re Search Warrant*, No. M-3-94-80, 1996 WL 1609166, at *13 (S.D. Ohio Aug. 20, 1996). The Order cited that decision for its redaction procedure and did not address that holding.

4. **The Order's statement that, "[i]f the House Ethics Committee chooses to pursue its own investigation then that investigation will occur publicly" (Order at 10), and its reliance on that prospect as a substitute forum.** The premise is incorrect as a matter of House rules: Ethics Committee investigations are generally confidential, investigative subcommittees sit in executive session, and no evidence received may be released without a Committee vote. Rules of the Committee on Ethics, 119th Cong., Rules 7, 17A (2025); *Boehner v. McDermott*, 484 F.3d

573, 579–81 (D.C. Cir. 2007) (en banc). A congressional inquiry, public or not, is not a forum in which Congressman Ogles could test federal agents' affidavits.

5. **The Order's conclusion that redacting names will protect uncharged third parties (Order at 9–10).** The Order did not determine whether the redacted narrative would still identify unnamed persons from their described conduct or roles, a risk Congressman Ogles raised below, Dkt. 32 at 12–14, and one the case law recognizes, *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 477–78 (6th Cir. 1983); *Matter of Search Warrants for Nat'l Builders Corp.*, 833 F. Supp. 644, 645–46 (N.D. Ohio 1993). The record does not support the conclusion.

6. **The Order's denial of any opportunity for Congressman Ogles's counsel to review the Warrant Materials and propose redactions, and its direction that the government alone submit proposed redactions ex parte and under seal (Order at 10–11).** The Order rested that ruling on the absence of "any authority demonstrating that the target of a search warrant may propose redactions." Order at 10. The Court's supervisory power over its records supplies that authority, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978); a search subject may invoke the common law right of access to the affidavits executed against him, *Sealed Search Warrants,* 868 F.3d at 390, 397–98; and Scripps itself proposed that "the parties" submit redactions, Dkt. 28 at 16; Dkt. 33 at 5. The government takes no position on unsealing and does not represent Congressman Ogles.

7. **The Order's failure to provide that the Warrant Materials remain sealed pending district judge review and for a period sufficient to seek appellate review (Order at 11).** The Order keeps the materials sealed only "pending submission of proposed redactions and further orders of the Court." *Id.* Disclosure before review would moot these objections and foreclose review in the Sixth Circuit. LR 72.01(c).

Pursuant to Local Rule 72.02(a), the following documentation accompanies these objections and apprises the Court of their bases: (a) the Order, attached as Exhibit A; and (b) the Memorandum of Law filed contemporaneously herewith. The remaining record consists of filings already on the docket in both matters—Scripps's motion and memorandum, Dkt. 27, 28; Congressman Ogles's opposition, Dkt. 32; and Scripps's reply, Dkt. 33—together with the Warrant Materials themselves, which remain under seal and which the Magistrate Judge reviewed *in camera*. No hearing was held and no transcript exists.

**RELIEF REQUESTED**

For the reasons stated in the accompanying Memorandum of Law, Congressman Ogles asks the Court to:

1. Sustain these objections, set aside the Order insofar as it authorizes unsealing of the Warrant Materials, and deny Scripps's motion to unseal;

2. In the alternative, vacate the Order insofar as it denied Congressman Ogles any role in the redaction process, permit his counsel to review the Warrant Materials and the government's proposed redactions under appropriate confidentiality restrictions, and direct him to submit proposed redactions and supporting justifications under seal, with an opportunity for Scripps to respond, before the Court determines what may be released; and

3. In either event, order that the Warrant Materials remain sealed while these objections are pending and for fourteen days after entry of any order authorizing disclosure, so that Congressman Ogles may seek review and a stay from the Sixth Circuit.

Date: September 18, 2026

Respectfully submitted,

LITSON PLLC

*/s/ John R. Glover*
J. Alex Little (No. 29858)
Zachary C. Lawson (No. 36092)
John R. Glover (No. 37772)
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co | zack@litson.co | jr@litson.co

RAYBIN & WEISSMAN, P.C.
David Louis Raybin (No. 3385)
424 Church Street, Suite 2120
Nashville, Tennessee 37219
Telephone: (615) 256-6666 Ext. 220
draybin@NashvilleTnLaw.com

SECIL LAW PLLC
John S. Irving IV (admitted *pro hac vice*)
John P. Rowley III (admitted *pro hac vice*)
1701 Pennsylvania Ave., N.W., Suite 200
Washington, D.C. 20006
jirving@SECILlaw.com |
jrowley@SECILlaw.com

*Counsel for Congressman Andy Ogles*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2026, a true and correct copy of the foregoing was filed electronically in Case Nos. 3:24-mj-04250 and 3:24-mj-04276 through the Court's CM/ECF system, which will send notice of filing to all counsel of record, including:

John P. Taddei
Trial Attorney, Public Integrity Section
United States Department of Justice
950 Pennsylvania Ave NW, Suite 1716
Washington, DC 20530
John.Taddei@usdoj.gov
*Counsel for the United States*

Paul R. McAdoo (BPR No. 034066)
Reporters Committee for Freedom of the Press
6688 Nolensville Rd., Suite 108-20
Brentwood, TN 37027
*Counsel for Scripps Media, Inc.*

/s/ John R. Glover
John R. Glover