UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: Information Associated with w***********1@gmail.com That Is Stored at Premises Controlled by Google, Inc.<br><br>In re: A Wireless Telephone Assigned Telephone Number (615) ***-****, Believed to Be Used by William Andrew Ogles. | Case No. 3:24-mj-04250<br>Case No. 3:24-mj-04276<br><br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

On September 4, 2026, the Court issued an order in each of these miscellaneous cases (the 4250 Case and the 4276 Case) granting in part motions to unseal by interested party Scripps Media, Inc. (4250 Case, Doc. No. 34; 4276 Case, Doc. No. 33.) Interested party Andy Ogles (Ogles) has filed objections to each order and has filed motions to stay unsealing pending adjudication of the objections and possibly an appeal to the Sixth Circuit. (4250 Case, Doc. No. 35; 4276 Case, Doc. No. 34.) So long as a stay is granted, Ogles does not object to allowing the Government to proceed with the submission of proposed redactions as outlined in the Court's previous orders. Consistent with Local Rule 7.01(b), the Court has decided that a response to the motions is not necessary.

There are two problems with the motions for a stay. First, Ogles has not made enough of a showing to deviate from the District's local rules. Under the local rules, a Magistrate Judge's orders are not stayed "absent a stay granted by the Magistrate Judge or the District Judge." M.D. Tenn. R. 72.01(c); *see also Reguli v. Woodruff*, No. 3:24-CV-00694, 2026 WL 2608201, at *3 (M.D. Tenn. Sept. 3, 2026) (neither the filing of objections nor a motion to stay enforcement suspends the operation of an order from a Magistrate Judge) (citations omitted). The Court ordered unsealing because it concluded, following *in camera* review, that "the public has a strong interest

in confirming that the search warrant applications in question did not suggest any investigation wider than what has already been addressed in the OCC [Office of Congressional Conduct] report." (4250 Case, Doc. No. 34 at 9; 4276 Case, Doc. No. 33 at 9.) Unsealing thus will address any innuendo that the investigation explored charges unrelated to "the narrative in the report and the exhibits that OCC submitted to the House Ethics Committee." (4250 Case, Doc. No. 34 at 5; 4276 Case, Doc. No. 33 at 5.) Ironically, Ogles's references to "accusations he has never been permitted to contest" (4250 Case, Doc. No. 37 at 8; 4276 Case, Doc. No. 36 at 8) reintroduce that innuendo and heighten the need for public transparency. The Court does not understand how creating intrigue that undermines its *in camera* review justifies a stay or serves any other purpose.

Second, Ogles requested in each case "that the stay continue for fourteen days after entry of the order permitting release so that he may seek review and a stay from the Sixth Circuit." (4250 Case, Doc. No. 35 at 2; 4276 Case, Doc. No. 34 at 2.) The requests are premature and procedurally incorrect. Under the Federal Rules of Appellate Procedure, Ogles must approach a District Judge first for a stay pending the outcome of an appeal. Fed. R. App. P. 8(a)(1)(A). If a District Judge denied that stay then Ogles could seek a stay directly from the Sixth Circuit. Fed. R. App. P. 8(a)(2)(A)(ii); *see also, e.g., Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (granting motion for a stay after initial denial by District Court).

**Conclusion**

For the foregoing reasons, the Court DENIES the motions for a stay (4250 Case, Doc. No. 35; 4276 Case, Doc. No. 34).

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge