# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
A WIRELESS TELEPHONE ASSIGNED TELPHONE NUMBER [redacted], BELIEVED TO BE USED BY WILLIAM ANDREW OGLES

Case No. 24-mj-4276

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the Middle District of Tennessee *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B-2

**YOU ARE COMMANDED** to execute this warrant on or before August 13, 2024 *(not to exceed 14 days)*

❒ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Alistair E. Newbern.
*(United States Magistrate Judge)*

❒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

❒ for ____ days *(not to exceed 30)* ❒ until, the facts justify[illegible]cific date of ________.

Date and time issued: July 30, 2024, at 2:07 p.m.

*Judge's signature*

City and state: Nashville, TN

[illegible]stair E. Newbern, U.S. Magistrate Judge
*Printed name and title*

**Return**

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: ____________________

____________________
*Executing officer's signature*

____________________
*Printed name and title*



Print Save As... Reset

**ATTACHMENT A-2**

**PROPERTY TO BE SEARCHED**

The property to be searched is a wireless telephone, assigned telephone number [redacted], believed to be a Samsung Galaxy S21 used by WILLIAM ANDREW OGLES ("OGLES"), hereinafter the "SUBJECT DEVICE," which is likely to be located on OGLES's person, including in any bag, briefcase, backpack, or luggage on OGLES's person that could contain a cellular telephone.

**ATTACHMENT B-2**

**ITEMS TO BE SEIZED**

1. All information on the SUBJECT DEVICE described in Attachment A-2 that constitutes evidence of violations of 18 U.S.C. § 1001 (false statements), 18 U.S.C. § 1519 (falsification of records), and 18 U.S.C. § 371 (conspiracy) (collectively, the "SUBJECT OFFENSES"), those violations involving WILLIAM ANDREW OGLES, [redacted], and/or [redacted], from January 1, 2022 to the present, including records pertaining to the following matters:

a. Information concerning Ogles for Congress (hereinafter, "the Committee");

b. Information concerning financial support for the Committee;

c. Information concerning the reports filed by the Committee with the Federal Election Commission (hereinafter, "the FEC");

d. Information concerning OGLES's personal and business finances;

e. Information concerning OGLES's financial disclosures filed with the U.S. House of Representatives;

f. Communications between OGLES, [redacted], [redacted], and/or other individuals identified in the search warrant affidavit concerning political contributions and financial support for the Committee;

g. Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal, activity under investigation described in the affidavit; or (ii) communicated with the SUBJECT DEVICE about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

h. Information that constitutes evidence indicating the state of mind of the user of the SUBJECT DEVICE, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation;

i. Information that constitutes evidence concerning how and when the SUBJECT DEVICE was accessed or used, to determine the geographic and chronological context of device access, use, and events relating to the crimes under investigation and to the user of the SUBJECT DEVICE;

j. All information, including the content of communications, that constitutes evidence of the criminal activity under investigation;

k. Steps taken in furtherance of the criminal activity under investigation;

l. Any and all evidence indicating in any way a motive to commit any the offenses detailed in this affidavit; and

m. Evidence of user attribution showing who used or owned the SUBJECT DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

2. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

3. During the seizure and execution of the search of the SUBJECT DEVICE described in Attachment A-2, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of OGLES to the fingerprint scanner of the device; and/or (2) hold the device in front of the face of OGLES and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search its contents as authorized by this warrant.

4. This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.