**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| In the Matter of the Search of Information Associated with w************1@gmail.com That is Stored at Premises Controlled by Google, Inc.,<br><br>In the Matter of the Search of A Wireless Telephone Assigned Telephone Number (615) ***-****, Believed to Be Used by William Andrew Ogles,<br><br>U.S. Representative William Andrew Ogles, in both his official capacity as a Member of the U.S. House of Representatives, and his individual capacity,<br><br>Movant,<br><br>Scripps Media, Inc.,<br><br>Intervenor. | Case Nos. 3:24-mj-04250 and 3:24-mj-04276<br><br>District Judge Aleta A. Trauger<br>Magistrate Judge Luke A. Evans<br><br>[FILED IN BOTH CASES] |

**CONGRESSMAN OGLES'S EMERGENCY MOTION TO RESTORE THE SEAL ON THE SEARCH WARRANT MATERIALS PENDING RESOLUTION OF HIS OBJECTIONS, AND INCORPORATED MEMORANDUM OF LAW**

On October 2, 2026, the Magistrate Judge ordered redacted versions of the search warrant materials unsealed, and the Clerk placed them on the public docket. (Dkt. 43, 44.)[1] Had nothing been pending before a district court, that would have been

[1] Docket citations refer to Case No. 3:24-mj-04276; this motion is filed in both cases. To the extent a separate objection to the October 2 Order is required, Congressman Ogles objects to it under Federal Rule of Criminal Procedure 59 and Local Rule 72.02 on the grounds stated here and in his Objections.

the expected next step under the September 4, 2026 Memorandum Order authorizing unsealing. (Dkt. 33.)

But two matters were pending: Congressman Ogles's Objections to the September 4 Order (Dkt. 35, 36), and his motion asking the district court to keep the materials sealed until the Objections are decided (Dkt. 39). Neither had been ruled on, and the October 2 Order mentions neither. Congressman Ogles respectfully asks the Court to direct the Clerk to restore the seal on Dkt. 44 while it decides the Objections. Congressman Ogles's Objections challenge the unsealing. If the documents are left unsealed and the Magistrate Judge's September 4 Order is not stayed, those Objections will be moot.

Chief Judge Campbell recused on October 3 "to allow another district judge to consider the pending motions," and the cases were reassigned to this Court. (Dkt. 45.) His order notes that counsel's email to chambers earlier that day about the unsealing (attached as Exhibit A) was contrary to the Court's Practice and Procedure Manual. Congressman Ogles presents the issue here by motion instead.

The September 4 Order granted Scripps Media, Inc.'s motion to unseal in part and provided that the materials "will remain sealed as is, pending submission of proposed redactions and further orders of the Court." (Dkt. 33 at 11.) Congressman Ogles objected and moved for a stay. (Dkt. 34, 35, 36.) On September 24, the Magistrate Judge denied the stay, noting that under Local Rule 72.01(c) his orders are not stayed "absent a stay granted by the Magistrate Judge or the District Judge." (Dkt. 38 at 1.) The next day, Congressman Ogles refiled the motion to stay, explicitly

asking the District Judge for that stay (which was the relief he sought in the first motion) and "request[ing] that the materials remain sealed while this motion is pending." (Dkt. 39 at 1.) On October 2, Chief Judge Campbell held a 9:30 a.m. telephone conference with all parties, and the Court extended Scripps's time to respond to the Objections to October 9. (Dkt. 41, 42.) That afternoon, the Magistrate Judge approved the government's proposed redactions "without any changes" and directed the Clerk to unseal them. (Dkt. 43 at 2.)

The October 2 Order recites that the Magistrate Judge "also denied Ogles's motion in each case for a stay." (Dkt. 43 at 2.) It says nothing of the second motion, which was addressed to the District Judge and undecided. Congressman Ogles assumes that motion was overlooked. Whatever the cause, the September 4 Order was carried out before any district judge had reviewed it. Because that Order is dispositive, as Congressman Ogles maintains (Dkt. 36 at 5–6), it was a recommendation that only a district judge could accept. *See* 28 U.S.C. § 636(b)(1)(C); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–15 (6th Cir. 2001).

The Objections are not moot. A case becomes moot when a court can no longer grant "any effectual relief whatever," and a court that cannot undo a disclosure can still limit it. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12–13 (1992). To be sure, the Court cannot recall the copies that might have been downloaded since October 2. But the Court controls its own records, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), and each day Dkt. 44 remains public widens the disclosure the Objections ask the Court to review.

Put simply, Congressman Ogles asks the Court to return the docket to where it stood on the morning of October 2 and then decide the Objections in the ordinary course. The stay factors are briefed in the pending motion. (Dkt. 39 at 4–7.) If the Court prefers to hear from Scripps first, it should at least restore the seal until Scripps responds on October 9. (Dkt. 42.)

**CONCLUSION**

For the foregoing reasons, Congressman Ogles respectfully requests that the Court direct the Clerk to restore the seal on Dkt. 44 in Case No. 3:24-mj-04276 and Dkt. 45 in Case No. 3:24-mj-04250, grant the pending motion to stay (Dkt. 39), and decide the Objections after Scripps responds on October 9.

Date: October 3, 2026

Respectfully submitted,

*/s/ John R. Glover*

J. Alex Little (No. 29858)
Zachary C. Lawson (No. 36092)
John R. Glover (No. 37772)
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co | zack@litson.co | jr@litson.co

David Louis Raybin (No. 3385)
RAYBIN & WEISSMAN, P.C.
424 Church Street, Suite 2120
Nashville, Tennessee 37219
Telephone: (615) 256-6666 Ext. 220
draybin@NashvilleTnLaw.com

John S. Irving IV (admitted *pro hac vice*)
John P. Rowley III (admitted *pro hac vice*)
SECIL LAW PLLC
1701 Pennsylvania Ave., N.W., Suite 200

Washington, D.C. 20006
jirving@SECILlaw.com
jrowley@SECILlaw.com

*Counsel for Congressman Ogles*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2026, a true and correct copy of the foregoing was filed electronically in Case Nos. 3:24-mj-04250 and 3:24-mj-04276 through the Court's CM/ECF system, which will send notice of filing to all counsel of record, including:

Robert McGuire
United States Attorney's Office
Middle District of Tennessee
719 Church Street, Suite 3300
Nashville, TN 37203
robert.mcguire@usdoj.gov
*Counsel for the United States*

Paul R. McAdoo (BPR No. 034066)
Reporters Committee for Freedom of the Press
6688 Nolensville Rd., Suite 108-20
Brentwood, TN 37027
*Counsel for Scripps Media, Inc.*

*/s/ John R. Glover*
John R. Glover