**Subject:** Case No. 3:24-mj-04250 and 3:24-mj-04276
**Date:** Saturday, October 3, 2026 at 9:02:59 AM Central Daylight Time
**From:** John R. Glover
**To:** cynthia_abelow@tnmd.uscourts.gov, Sarah_Dixon@tnmd.uscourts.gov, Vicki_Kinkade@tnmd.uscourts.gov
**CC:** Alex Little, Zachary Lawson, McGuire, Robert (USATNM), John Rowley, John Irving, Paul McAdoo
**Attachments:** tir1txax3h.png, u7ujt14ehk.png, bnkuqcd79x.png

Good morning,

I'm writing on behalf of Congressman Andy Ogles in the two search warrant matters and copying all counsel of record. We are trying to understand what happened on the docket yesterday afternoon, and we would appreciate chambers' guidance. Docket citations below are to the 4276 case.

As the Court knows, Magistrate Judge Evans ordered the warrant materials unsealed on September 4. (Dkt. 33.) Congressman Ogles filed timely objections on September 18, along with a motion asking to stay unsealing while the objections are decided. (Dkt. 34, 35, 36.) Judge Evans denied that stay on September 24, holding that Congressman Ogles "must approach a District Judge first for a stay." (Dkt. 38 at 2.) So the next day he did (though that was the intention of his first motion), filing a stay motion directed to Chief Judge Campbell. The motion stated that "[u]nsealing while this appeal to the district court proceeds would moot the appeal." (Dkt. 39 at 1.)

Both the objections and the stay motion were still pending yesterday morning when Judge Campbell held his telephone conference with the parties, and the Court that same day extended Scripps's deadline to respond to the objections to October 9. (Dkt. 41, 42.) Then, yesterday afternoon, Judge Evans approved the government's proposed redactions and directed the Clerk to unseal the redacted materials, which are now on the public docket, though we understand that Scripps's counsel has refrained from accessing them to this point. (Dkt. 43, 44.) We assume this was an oversight. The unsealing is what the pending motion asked Judge Campbell to stay, but it happened before he ruled and while briefing on the objections remains open. If the search warrant affidavit remains unsealed, there is, obviously, little point in Congressman Ogles's appeal to Judge Campbell. At that point, Congressman Ogles's will have effectively been deprived of his right to seek an appeal from the district court, as well as potentially the Sixth Circuit.

Could chambers let us know what exactly happened here and whether it considers the objections and the stay motion still pending for decision? And would Judge Campbell consider directing the Clerk to restrict public access to Dkt. 44 and its counterpart in the 4250 case while he decides them? If a call with all parties would help, counsel for Congressman Ogles are available any time today through Monday.

We appreciate chambers' attention on a weekend.

**John Ross Glover**
**Partner**

LITSON

54 Music Square East, Suite 300
Nashville, Tennessee 37203

(615) 985-8187 | jr@litson.co

**CONFIDENTIALITY NOTICE**: This email and any attachments may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately and delete this message. Any unauthorized review, use, disclosure, or distribution is prohibited. Thank you.